UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY WILEY, SR., ) | Case No.: 1:11-cv-00866 LJO JLT |
| ) | |
| Plaintiff, ) | ORDER REQUIRING PLAINTIFF TO FILE |
| v. ) | A COMPLETE APPLICATION TO |
| ) | PROCEED IN FORMA PAUPERIS OR PAY |
| THE STATE OF CALIFORNIA, et al., ) | FILING FEE WITHIN 21 DAYS |
| ) | |
| Defendants. ) | (Doc. 4) |
| _____ ) | |

    Plaintiff Anthony Wiley, Sr. ("Plaintiff") seeks to proceed pro se and in forma pauperis in this action, which he commenced on May 27, 2011, by filing his complaint and first application to proceed in forma pauperis. (Docs. 1, 2). On June 2, 2011, the Court reviewed Plaintiff's application and complaint, and noted Plaintiff obtained a business license and was "actively engaged in operating a recycling business," which was paid more than $22,000 since the license was issued on December 9, 2010. (Doc. 3 at 1). The Court ordered Plaintiff to file an amended application in which he was to state (1) the amount of income received within the last 12 months from any business, profession, or self employment and (2) the source of funds used to construct his home. *Id.* at 2. Plaintiff filed his amended application on June 21, 2011. (Doc. 4).

    As a general rule, all parties instituting any civil action, suit or proceeding in a United States District Court must pay a filing fee. 28 USC § 1914(a). However, the Court may authorize the commencement of an action "without prepayment of fees and costs of security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or

1  give security therefor." 28 USC § 1915(a)(1). Therefore, an action may proceed despite a
2  failure to prepay the filing fee only if leave to proceed in forma pauperis ("IFP") is granted by the
3  Court. *See Rodriguez v. Cook*, 169 F.3d 1178, 1177 (9th Cir. 1999).

4  The Ninth Circuit has held "permission to proceed in forma pauperis is itself a matter of
5  privilege and not a right; denial of an informa pauperis status does not violate the applicant's
6  right to due process." *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984), citing *Weller v.
7  Dickson*, 314 F.2d 598, 600 (9th Cir. 1963). In addition, the Court has broad discretion to grant
8  or deny a motion to proceed IFP. *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990); *Weller*,
9  314 F.2d at 600-01. In making a determination, the Court "must be careful to avoid construing
10  the statute so narrowly that a litigant is presented with a Hobson's choice between eschewing a
11  potentially meritorious claim or foregoing life's plain necessities." *Temple v. Ellerthorpe*, 586
12  F.Supp. 848, 850 (D.R.I. 1984).

13  Here, Plaintiff's application[1] does not demonstrate that he is unable to pay the court costs
14  due to poverty. Notably, Plaintiff failed to comply with the Court's order to disclose the amount
15  of income received from his business or self-employment, or the source of funds he is using to
16  construct his home.[2] Though he states that he last received income on "1/03/11[3]," **he fails to**
17  **state the amount he received** from "Business, profession or other self-employment" **within the**
18  **last 12 months**. Likewise, he reports that he receives disability income but, again, he fails to
19  state the amount he receives and the amount he expects to receive in the future. (Docs. 2, 4).

---

[1] In conjunction with his motion, Plaintiff provided several bank statements and income earing statements. These documents were returned to Plaintiff without being considered by the Court. **Plaintiff is admonished that it is his responsibility, not the Court's, to demonstrate his financial condition** *by completely and fully answering the questions in the application to proceed IFP.*

[2] This is not the first instance in which Plaintiff failed to comply with the Court's order to disclose his income or the source of funds used to construct his home. In a separate action, Plaintiff sought to proceed in forma pauperis, but failed to disclose the information pursuant to the Court's order. *See Wiley v. Ralls*, Case No. 1:10-cv-00506-AWI-JLT (Doc. 8). Rather, Plaintiff disclosed only the value of his residence and his tools. *Id.*

[3] Notably, documents attached to his complaint demonstrate that Plaintiff has been engaged in recycling activities for pay since as early as January 2010 (Doc. 1 at 20), though he did not obtain a business license until December 2010. (Doc. 1 at 10) This stands in stark contrast to Plaintiff's earlier statements in his motions to proceed IFP in *Wiley v. Ralls*, Case No. 1:10-cv-00506-AWI-JLT (Doc. 2 at 2; Doc. 6 at 2) in which he reported, under penalty of perjury, "I've never been employed as a free American," and, in explanation for not being employed, reporting that he had been a "SSI recipient since 1986." Finally he reported that he had not earned any money from business, profession or other self employment within the last 12 months. *Id*.

However, Plaintiff attached a copy of a letter from the SSA documenting his current level of disability income and the Court finds this is sufficient.

On the other hand, Plaintiff has a home valued at $100,000 that is "under construction"[4]; a vehicle valued at $11,000; and a cement mixer and trailer valued at $3,000. (Doc2 2 at 2; Doc. 4 at 2). Therefore, based upon his assets, Plaintiff has failed to make an adequate showing of indigence, and has not demonstrated that he has insufficient funds to pay the Court's filing fee.

Accordingly, Plaintiff is ORDERED:

1. To submit a complete amended application to proceed *in forma pauperis*, **signed under penalty of perjury**, within 21 days of the date of service of this order.

    a. In the amended application, Plaintiff SHALL state:

        i. the amount of income he has received **within the last 12 months** from any business, profession or self employment

        ii. the source of the funds that are being used or were used to construct the home that is valued, currently, at $100,000.

Upon receipt of this information, the Court will resume consideration of Plaintiff's motion to proceed *in forma pauperis*. In the alternative, Plaintiff must pay the filing fee. **Plaintiff is admonished that his failure to comply with this order will result in a recommendation that his application to proceed *in forma pauperis* be denied.**

IT IS SO ORDERED.

Dated:  **June 30, 2011**                           /s/ Jennifer L. Thurston
                                            UNITED STATES MAGISTRATE JUDGE

---

[4] Once again, the Court notes that in his original motion to proceed IFP dated May 11, 2011. Plaintiff indicated the home was "under construction." (Doc. 2 at 2) In his amended petition dated June 6, 2011, he indicates that it is a "manufactured home." (Doc. 4 at 2) In the amended petition to proceed IFP filed in his earlier case dated March 27, 2010, Plaintiff alleged that the home was valued at $140,000 and that it was "still under construction." *See Wiley v. Ralls*, Case No. 1:10-cv-00506-AWI-JLT (Doc. 8).