UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY WILEY, SR., | ) Case No.: 1:11-cv-00866 LJO JLT |
| | ) |
| Plaintiff, | ) ORDER GRANTING MOTION TO |
| | ) PROCEED IN FORMA PAUPERIS |
| v. | ) |
| | ) (Docs. 4, 6) |
| THE STATE OF CALIFORNIA, et al., | ) |
| | ) ORDER DISMISSING COMPLAINT WITH |
| | ) LEAVE TO AMEND |
| Defendants. | ) |
| | ) (Doc. 1) |

Plaintiff Anthony Wiley, Sr. ("Plaintiff") seeks to proceed pro se and in forma pauperis in this action, which he commenced on May 27, 2011, by filing his complaint and first application to proceed in forma pauperis. (Docs. 1, 2). For the following reasons, Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**, and his complaint is **DISMISSED WITH LEAVE TO AMEND**.

**I.  Procedural History**

On June 2, 2011, the Court reviewed Plaintiff's application and complaint, and noted Plaintiff obtained a business license and was "actively engaged in operating a recycling business," which was paid more than $22,000 since the license was issued on December 9, 2010. (Doc. 3 at 1). The Court ordered Plaintiff to file an amended application to disclose his income and use of funds on a home under construction. *Id.* at 2.

Plaintiff filed an amended application on June 21, 2011 (Doc. 4), which the Court

1  reviewed on June 30, 2010.  (Doc. 5).  The Court noted Plaintiff failed to comply with the
2  Court's order to disclose his income from his "business, profession or other self-employment."
3  (Doc. 5 at 2).  Accordingly, the Court ordered Plaintiff to submit a complete amended
4  application, signed under penalty of perjury, in which he was to disclose (1) the amount of
5  income received within the last 12 months from any business, profession, or self employment
6  and (2) the source of funds used to construct his home.  *Id.* at 3.

7  On July 7, 2011, Plaintiff filed second amended application to proceed without
8  prepayment of fees.  (Doc. 6).  Plaintiff asserts he received $18,573.76 from Sierra Iron, Metal
9  and Demolition between April 6 and December 9, 2010.  *Id.* at 3.  The income from Plaintiff's
10 business "WITCO" was $22,009.53 from December 10, 2010 through January 3, 2011.  *Id.*  In
11 addition, Plaintiff received supplemental security income in the amount of $10,046.33 over the
12 last twelve months.[1]  Further, Plaintiff asserts no income was used in 2010 to construct his home,
13 beyond the purchase of a cement mixer valued at $3,000.  *Id.*

14 **II.   Application to proceed in forma pauperis**

15 The Court may authorize the commencement of an action without prepayment of fees
16 when an individual "submits an affidavit that includes a statement of all assets such person . . .
17 possesses [and] that the person is unable to pay such fees or give security therefor."  28 U.S.C. §
18 1915(a).  Thought the Court has serious concerns about Plaintiff's past candor regarding his
19 financial condition,[2] the Court has reviewed the applications and has determined Plaintiff has
20 made an adequate showing of indigence to satisfy the requirements of 28 U.S.C. § 1915(a).
21 Therefore, Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**.

22 **III.  Screening Requirement**

23 When a plaintiff is proceeding *in forma pauperis*, the Court is required to review the
24 complaint, and shall dismiss the case at any time if the Court determines that the allegation of

25

---

26  [1] Plaintiff failed to include the amount received in Social Security benefits.  However, with a previous
27 application, Plaintiff attached a copy of a letter from the SSA, which indicated Plaintiff receives $830.40 per month, and his total income from June 2010 to June 2011 was $10,046.33.

28  [2] Plaintiff is reminded, once again, of his obligation to be forthright with the Court at all times.

poverty is untrue, or the action or appeal is "frivolous, malicious or fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. 1915(e)(2). A claim is frivolous "when the facts alleged arise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

## IV.  Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than pleadings drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of the complaint is to give the defendant fair notice of the claims against him, and the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me unlawfully accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it

"stops short of the line between possibility and plausibility of 'entitlement to relief. *Iqbal*, 129 S.Ct. at 1949. Where the factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; conclusions in the pleading are not entitled to the same assumption of truth. *Id.* If the Court determines that the complaint fails to state a cognizable claim, the Court may grant leave to amend to the extent that deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

## V.   Discussion and Analysis

Plaintiff alleges he "a convicted felon, African-American disabled person . . . who was engaged in collecting rubbish, wood[], crv's (cans and bottles) and ferrous and non-ferrous metals in the State of California." (Doc. 1 at 3). According to Plaintiff, he was influenced by defendants Sierra Iron and Metal ("Sierra Iron") and Sierra Recycling and Demolition ("Sierra Recycling") to obtain a fictitious business license, and that the companies used the license "to deprive Plaintiff of equal pay." *Id.* Also, Plaintiff asserts all defendants made "false allegations of theft" of materials from Sierra Recycling and Demolition "to cover up federal payment rules violations performed by defendants." *Id.*

Plaintiff asserts that on January 4, 2011, Defendants "hijacked" his cargo, and officers of the Kern County Sheriff's Department questioned Plaintiff "without identifying themselves as Peace Officers . . . question[ed] Plaintiff without counsel and imprisoned Plaintiff." (Doc. 1 at 5). Plaintiff asserts he was arrested by the Kern County Sheriff's Department, which "fabricated, perpetuated and carried out a criminal arrest, illegal search of vehicle and [c]ombination trailer where goods for trade were located." *Id.* at 4.

For these acts, Plaintiff raises causes of action against the State of California, Producers Dairy, Sierra Recycling, Sierra Iron, D. Weigand, M. Felli, W. Reed, R. Winn, and "Does 1 through 21" for: (1) a violation of RICO, (2) a hate crime against a disabled person, (3) corporate fraud, and (4) false imprisonment. (Doc. 1 at 1).

///

///

A.  Liability of the State of California

The Eleventh Amendment provides: "The Judicial power the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." *U.S. Const. amend XI*.  Thus, Plaintiff may no seek damages against the State of California in tis proceeding.

Moreover, the immunity provided by the Eleventh Amendment applies to officials of a state because "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  The Supreme Court has opined, "Obviously, state officials literally are persons.  But a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.  As such, it is no different from a suit against the State itself." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (internal citations omitted).  Consequently, Plaintiff is unable to raise cognizable claims against State of California, or its officers in their official capacities.  The Complaint, as to the State and its officers in their official capacities, is **DISMISSED**.

B.  Violation of RICO

The Racketeer Influenced and Corrupt Organizations Act ("RICO") allows a private citizen to recover damages for conduct of an enterprise through a patter of racketeering activity or the collection of an unlawful debt. 18 U.S.C. § 1960, *et seq*.  The elements of a civil RICO claim are "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to plaintiff's business or property." *Living Designs, Inc. v. E.I. DuPont de Nemours * Co.*, 431 F.3d 353, 361 (9th Cir. 2005); *see also Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985).  The RICO statute enumerates specific acts which satisfy the "racketeering activity" element, such as "an act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or listed chemical . . ." 18 U.S.C. § 1961(1).  In addition, to establish a patter, Plaintiff must "show that the racketeering predicates are related [to each other] and that they amount to or pose a threat of continued criminal activity." *H.J. Inc. v. Northwestern Bell*

5

*Telephone Co.*, 492 U.S. 229, 239 (1989).

In the present case, Plaintiff's RICO allegations are described, most generously as confusing but, more accurately, as unintelligible. Simply put, the Court cannot determine what are the predicate act or acts Plaintiff alleges occurred. Plaintiff allegations seem to be based upon a single act which, clearly, is insufficient to demonstrate a *pattern* of racketeering activity. *See Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 557 (9th Cir. 2010) (a plaintiff must show two or more acts constituting a pattern). Further, Plaintiff alleges he "suffered losses due to a direct roll (sic) by all defendants" (Doc. 1 at 5), but fails to "show concrete proof of financial loss," as required to establish a violation. *Chaset v. Fleer/Skybox Int'l*, 300 F.3d 1083, 1087 (9th Cir. 2002)*; see also Steele v. Hospital Corp. of America*, 36 F.3d 69, 71 (9th Cir. 1994) ("speculative injuries do not serve . . . unless they become concrete and actual"). Consequently, Plaintiff has failed to state a cognizable claim for a violation of RICO, and this claim against Defendants is **DISMISSED**.

### C.  Hate Crime

Plaintiff asserts that he was the victim of a "hate crime." However, Plaintiff fails to plead whether he brings this cause of action under state or federal law or upon what statute or theory of common law that makes the alleged act of "hate" actionable here. Moreover, the complaint fails to detail any factual allegations to support his naked assertion that he was the victim of a hate crime such that the Court may determine the basis of these claims. Notably, Plaintiff does not indicate he suffered violence, intimidation, threats, or coercion at the hands of any Defendant.[3] Accordingly, Plaintiff's claim for a "hate crime" is **DISMISSED**.

### D.  Fraud

Under California law, Plaintiff must show the following to establish fraud: "a false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages." *Moore v. Brewster*, 96 F.3d 1240, 1245 (9th Cir. 1996); *see also* Cal. Civ. Code § 1572. The

---

[3] In general, a defendant who "interfered with the plaintiff's constitutional rights by the requisite threats, intimidation, or coercion" is liable under Cal Civ. Code. § 52.1, which protects the exercise or enjoyment of individual rights secured by the Constitution or laws, without regard to membership in a protected class. *Austin B. v. Escondido Union School Dist.*, 149 Cal.App.4th 860, 882 (2007).

burden to establish fraud is "heavy," *Robi v. Five Platters, Inc.*, 918 F.2d 1439, 1444 (9th Cir. 1990), because "when fraud is alleged, 'a party must state with particularity the circumstances constituting fraud." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009), quoting Fed. R. Civ. P. 9(b).

Here, the allegations for fraud have not been plead with specificity sufficient to meet the standards of Rule 9(b), because "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Kearns*, 576 F.3d at 1124, citing *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1120 (9th Cir. 2003); *see also Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2004) (allegations of fraud must include "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations") (internal quotation marks and citation omitted). Plaintiff fails to allege when or by what means Defendants made false representations to him, or to alleges facts that would demonstrate a claim to damages. Therefore, Plaintiff has not stated a cognizable claim for fraud, and this claim is **DISMISSED**.

    E.  False Imprisonment

False imprisonment is defined by statute as "the unlawful violation of the personal liberty of another." Cal. Pen. Code. § 236. The tort is defined identically, and consists of the "nonconsensual, intentional confinement of a person, without lawful privilege, for an appreciable length of time, however short." *Molko v. Holy Spirit Assn.*, 46 Cal.3d 1092, 1123 (1988). "The only mental state required to be shown for false imprisonment is the intent to confine, or to create a similar intrusion." *Fermino v. FedCo. Inc.*, 7 Cal.4th 701, 716 (1994). Here, Plaintiff alleges Kern County Sheriff's Officers, Sierra Iron, and Sierra Recycling falsely imprisoned him on January 4, 2011. (Doc. 1 at 5).

    1.  Liability of Officers

To state a cause of action for false imprisonment, Plaintiff must state facts showing either that one was unlawfully arrested and then imprisoned, or that an unreasonable delay occurred in presenting the arrestee before a judge. *City of Newport Beach v. Sasse*, 9 Cal.App.3d 803, 810 (1970). However, there is no civil liability for an officer "acting within the scope of his or her

authority, for false arrest or false imprisonment arising out of any arrest" when (1) the arrest was lawful, or the officer had reasonable cause to believe the arrest was lawful at the time of the arrest, or (2) the arrest was made pursuant to a charge made, upon reasonable cause, of the commission of a felony by the person to be arrested.  Cal. Pen. Code. § 847.

Here, there are no allegations to support the cause of action except for the fact that the charges were, ultimately, dropped.  However, this fact does not establish that Plaintiff suffered a false arrest.  For example, Plaintiff has provide no factual allegations that the officers were acting outside the scope of their duties at the time of hiss arrest, that the arrest was unlawful or that the officers did not have a reasonable belief that the arrest was lawful at the time they made the arrest.  Consequently, Plaintiff's allegations do not support a cognizable claim for false imprisonment by the officers, and this claim is **DISMISSED**.

### 2.   Liability of Sierra Iron and Sierra Recycling

Plaintiff has not plead facts connecting defendants Sierra Iron and Sierra Recycling to an act of false imprisonment.  Notably, the complaint demonstrates only that the officers questioned Plaintiff. It does not identify any actionable conduct by the other Defendants and, in fact, fails to mention them related to this claim.  Therefore, Plaintiff has not stated  cognizable claims for false imprisonment against Sierra Iron and Sierra Recycling, and these claims are **DISMISSED**.

### F.   "Doe Defendants"

Though not named in the caption of his complaint, Plaintiff"Does 1 through 21" also violated his rights. *See* Doc. 1 at 2.  Generally, "Doe" defendants are disfavored in the Ninth Circuit.  *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *see also Clark v. Rolling Hills Casino*, 2010 U.S. Dist. LEXIS 55087, at *9 (E.D. Cal. May 5, 2010).  However, when the identities of defendants are not known, "the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds."  *Gillespie*, 629 F.2d at 642.

Here, Plaintiff fails to state where these defendants worked and in what capacity.  Plaintiff fails to describe any of the Doe individuals among these defendants, or demonstrate how

they acted in connection to the allegations discussed above to cause him harm.  Plaintiff is required to allege specifically how each defendant—including Doe Defendants—violated his rights, and link each defendant's actions to the violation of his rights.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).  Furthermore, Plaintiff's claims have been dismissed due to a lack of supporting factual allegations.  Consequently, Plaintiff has failed to state a cognizable claim against Does 1-21, and he should not be permitted an opportunity to identify the unknown defendants.  The Complaint as to defendants "Does 1-21" is **DISMISSED.**

## VI.   Leave to Amend the Complaint

If the Court determines that a complaint fails to state a claim, leave to amend should be granted to the extent that the deficiencies of the complaint can be cured by amendment.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).  A complaint, or a portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the Plaintiff can prove no set of facts, consistent with the allegations, in support of the claim or claims that would entitle him to relief.  *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Palmer v. Roosevelt Lake Log Owners' Ass'n., Inc.*, 651 F.2d 1289, 1294 (9th Cir. 1981).  Dismissal of a *pro se* complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts that he has alleged and that an opportunity to amend would be futile.  *Lopez v. Smith*, 203 F.3d 1122, 1128 (9th Cir. 2000).

Construing Plaintiff's statements in his complaint liberally, the Court cannot find with certainty that he cannot allege facts, consistent with allegations, in support of the claim or claims that would entitle him to relief.  Therefore, the Court will grant Plaintiff leave to amend the complaint to cure the deficiencies in his complaint.  Failure to cure the deficiencies will result in a recommendation that the matter be dismissed with prejudice.

Plaintiff is informed that the Court cannot refer to a prior pleading in order to make Plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).

Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."  Failure to file an amended complaint in accordance with this order will be considered to be a failure to comply with an order of the Court, and will result in dismissal of this action.

Accordingly, IT IS HEREBY ORDERED:

1. Plaintiff's Motions to Proceed In Forma Pauperis (Docs. 4, 6) are **GRANTED**;

2. Plaintiff's complaint (Doc. 1) is **DISMISSED** with leave to amend; and

3. Plaintiff is GRANTED twenty-one (21) days from the date of service of this order to file an amended complaint that complies with the requirements of the pertinent substantive law, the Federal Rules of Civil Procedure, and the Local Rules of Practice.

IT IS SO ORDERED.

Dated:  **July 23, 2011**                                             /s/ Jennifer L. Thurston
                                                                    UNITED STATES MAGISTRATE JUDGE