1
2
3
4
5
6
7
8           IN THE UNITED STATES DISTRICT COURT FOR THE
9                    EASTERN DISTRICT OF CALIFORNIA
10
11   ANTHONY WILEY, SR.,                    Case No.: 1:11-cv-00866-LJO-JLT
12            Plaintiff,                    FINDINGS AND RECOMMENDATIONS
                                            DISMISSING FIRST AMENDED
13   vs.                                    COMPLAINT WITH PREJUDICE
14   THE STATE OF CALIFORNIA, et al.,       (Doc. 8)
15            Defendants.
16   _____/

17        Plaintiff Anthony Wiley, Sr. ("Plaintiff") seeks to proceed pro se and in forma pauperis in

18   this action, which he commenced on May 27, 2011.  (Doc. 1.)  On July 25, 2011, the Court

19   screened Plaintiff's complaint and found that it did not state cognizable claims.  (Doc. 7.)  The

20   Court granted Plaintiff leave to file an amended complaint to cure the deficiencies identified in

21   the order.  (Id.)  On August 15, 2011, Plaintiff filed his First Amended Complaint.  (Doc. 8.)

22        After screening Plaintiff's First Amended Complaint, the Court finds that despite the

23   explicit recitation of the deficiencies of Plaintiff's original complaint, Plaintiff has failed to

24   demonstrate any violation of federal law.

25   I.   SCREENING REQUIREMENT

26        When a plaintiff is proceeding in forma pauperis, the Court is required to review the

27   complaint, and shall dismiss the case at any time if the Court determines that the allegation of

28   poverty is untrue, or the action or appeal is "frivolous, malicious or fails to state a claim on

which relief may be granted; or ... seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.1915(e)(2). A claim is frivolous "when the facts alleged arise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 32–33 (1992).

## II.    Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure.  A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed.R.Civ.P. 8(a).  The Federal Rules adopt a flexible pleading policy, and pro se pleadings are held to "less stringent standards" than pleadings drafted by attorneys.  Haines v. Kerner, 404 U.S. 519, 521–21 (1972).  However, a complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner.  Jones v. Cmty Redevelopment Agency, 733 F.2d 646, 649 (9th Cir.1984).

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 557).  "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'"  Id. (quoting Twombly, 550 U.S. at 557).  Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.  Id.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id. (quoting Twombly, 550 U.S. at 555).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325, (1989); Franklin v. Murphy, 745 F.2d 1221, 1227–28 (9th Cir. 1984).  Accordingly, the court may dismiss a claim as frivolous where it

1   is based on an indisputably meritless legal theory.  <u>Neitzke</u>, 490 U.S. at 327.

2   **III.    DISCUSSION AND ANALYSIS**

3           At the outset, we note that Plaintiff's twenty-seven page complaint resembles his previous

4   complaint insofar as the averments contained in paragraphs are repetitive, conclusory, and are at

5   best difficult to follow.  As a result, it is difficult to discern any coherent set of facts that support

6   Plaintiff's claims.  As far as can be discerned, Plaintiff alleges as follows.  Plaintiff states that he

7   is a disabled American citizen who previously manufactured "young adolescent wagons and

8   carts" in order to support himself.  (Doc. 8 at 4.)  Plaintiff states he lost his business which

9   appears to be the result of several seemingly independent events occurring in 2011.  (<u>Id.</u> at 9.)

10  Plaintiff's descriptions of these events include but are not limited to allegations that:

11          (1) Plaintiff was unlawfully arrested and falsely imprisoned by the Kern County
            Sheriff's Department,  (<u>Id.</u> at 4, 14.);

12
13          (2) Plaintiff was improperly named in a civil suit brought by Defendant Producers
            Dairy Foods, Inc., (hereinafter "Producers") which was later dismissed on May
            31, 2011,  (<u>Id.</u> at 4, 8.);

14
15          (3)  Judges for the Kern County Superior Court acted improperly in that they
            allowed defendants to conspire and build a fraudulent complaint against Plaintiff
            and improperly allowed both criminal and civil actions to precede against
16          Plaintiff,  (<u>Id.</u> at 5, 6, 8, 12, 15.);

17          (4) A clerk employed by the Superior Court of Kern County denied him the right
            to file a motion alleging various errors in a civil proceeding and to file a request
18          for default, (Id. at 5, 11 );

19          (5) Following Plaintiff's arrest for alleged criminal conduct, Defendant Barnett's
            Towing (hereinafter "Barnetts"), unlawfully acquired Plaintiff's vehicle and
20          improperly assessed charges against Plaintiff,  (<u>Id.</u> at 5,6.);

21          (6) Criminal prosecutors unlawfully fabricated charges against Plaintiff, (<u>Id.</u> at 7,
            11-12, 16, 22.);

22
23          (7) During Plaintiff's criminal proceedings, sheriff's deputies made various
            threats including a threat that they would deny Plaintiff a "hot meal" and medical
            treatment if Plaintiff elected to address the court,  (<u>Id.</u> at 9-10.); and

24
25          (8)  Alberto Ortega, an individual affiliated with Defendant Sierra Iron and Metal,
            slandered Plaintiff by informing sheriff's officers that Plaintiff had frequently
26          driven his vehicle onto Sierra Iron and Metal's business property with a "cloud of
            marijuana smoke" exiting his vehicle and that Plaintiff did not "like cops".  (<u>Id.</u> at
            9, 13, 21.)

27
28          Based on these and other similar factual allegations, Plaintiff raised causes of action

-3-

1  against Defendants Producers, Sierra Iron and Metal, Sierra Recycling and Demolition, Barnetts,

2  the State of California, the Kern County Sheriff's Department, Kern County Superior Court

3  Judges, the Clerk of the Kern County Superior court, the District Attorney's Office, and the

4  Public Defender's office.  Plaintiff's brings federal causes of actions for violation of RICO and

5  for violating the federal "hate crime" statute and additionally raises the following state law

6  claims:  (1)  witness tampering;  (2)  illegal court procedures;  (3)  false imprisonment;  (4)  unfair

7  business practices;  (5)  judicial corruption;  (6)  slander; and (7)  extortion and bond fraud.[1]

8  ## A.  Liability of the State of California

9  As the Court's July 25, 2011 order screening Plaintiff's initial complaint noted, Plaintiff

10  is unable to raise cognizable claims against State of California, or its officers in their official

11  capacities due to the Eleventh Amendment immunity provision.  (Doc. 7 at 5).  The immunity

12  provided by the Eleventh Amendment applies to officials of a state because "an official-capacity

13  suit is, in all respects other than name, to be treated as a suit against the entity. [citation]."  Id.

14  Plaintiff has failed to address this previously identified deficiency in his amended complaint.

15  Thus to the extent that Plaintiff intends to sue the State of California, Plaintiff's amended

16  complaint fails to raise cognizable claims against the state.  Accordingly, the Court recommends

17  that all claims as to the State of California be **DISMISSED** with prejudice.

18  ## B.  Violation of RICO

19  The Racketeer Influenced and Corrupt Organizations Act ("RICO") allows a private

20  citizen to recover damages for conduct of an enterprise through a patter of racketeering activity

21  or the collection of an unlawful debt.  18 U.S.C. § 1960, et seq.  The elements of a civil RICO

22

23  [1]For those claims sounding in state law, Plaintiff inexplicably provides citations to such federal statutes as
18 U.S.C. § 1960, which prohibits unlicensed money transmitting businesses or 18 U.S.C. § 249, the federal statute

24  which criminalizes conduct causing "bodily injury" through the use of a dangerous weapon such as a firearm or an
explosive device.  Additionally, even construing Plaintiff citation to "18 U.S.C. § 1960 et seq." as an erroneous

25  citation to the RICO statutes, Plaintiff's cites to federal statutes which are unrelated to the facts of his state law
claims which include such common law torts as slander and fraud.  To the extent the federal citations represent

26  efforts to raise questions of federal law, the effort is unsuccessful.  "'Merely referring to a federal statute, . . . does
not establish federal jurisdiction if the dispute does not involve "a substantial question of federal law."'"  Am. Fed. of

27  Television and Radio Artists, AFL-CIO, 164 F.3d 1004, 1007 (6th Cir. 1999); see also Williston Basin Interstate
Pipeline Co. v. An Exclusive Gas Storage Leasehold and Easement 524 F.3d 1090, 1094 (9th Cir. 2008) (stating that

28  a suit may be dismissed for "want of federal jurisdiction where the alleged claim under the Constitution or federal
statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction . . .").

1   claim are "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity

2   (known as 'predicate acts') (5) causing injury to plaintiff's business or property." <u>Living Designs,</u>

3   <u>Inc. v. E.I. DuPont de Nemours Co.</u>, 431 F.3d 353, 361 (9th Cir. 2005); <u>Sedima, S.P.R.L. v.</u>

4   <u>Imrex Co.</u>, 473 U.S. 479, 496 (1985).  The RICO statute enumerates specific acts which satisfy

5   the "racketeering activity" element, such as "an act or threat involving murder, kidnapping,

6   gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled

7   substance or listed chemical . . ." 18 U.S.C. § 1961(1).  A element common element to all of the

8   actions included under RICO a requirement that the conduct by its nature constitute a criminal

9   act, ie. that it be punishable as a crime.  <u>Id.</u>  In addition, to establish a pattern, Plaintiff must

10  "show that the racketeering predicates are related [to each other] and that they amount to or pose

11  a threat of continued criminal activity." <u>H.J. Inc. v. Northwestern Bell Telephone Co.</u>, 492 U.S.

12  229, 239 (1989).

13          Here, similar to his original complaint, Plaintiff's RICO allegations remain confusing

14  because it remains unclear, even after amendment, what predicate acts Plaintiff alleges occurred.

15  As noted above, Plaintiff's list of multiple acts which he claims constitute a pattern of

16  "racketeering activity" include a false arrest and imprisonment, the filing of a civil lawsuit

17  against Plaintiff, various alleged improper court proceedings, Defendant Barnett's improper

18  storage of his personal property (including his vehicle) following his arrest, and misconduct

19  charged against prosecutors, public defenders and sheriff officers, during various aspects of

20  Plaintiff's prior criminal and civil proceedings.  None of Plaintiff's proffered list of events appear

21  to amount to criminal conduct, much less establish the requisite pattern of racketeering activity to

22  establish a RICO violation.  <u>Sanford v. MemberWorks, Inc.</u>, 625 F.3d 550, 557 (9th Cir. 2010) (a

23  plaintiff must show two or more criminal acts constituting a pattern).  Further, Plaintiff

24  allegations that as a result of this varied activity he suffered losses not less than $2,500,000,000,

25  (over two billion dollars[2] (Doc. 8 at 9.)), are not only implausible but are also conclusory in that

26

27          [2]Plaintiff amended complaint states that his suffered losses not less than "$25,000,000,00" for the RICO
28  claim.  (Doc. 8 at 9.)  To the extent that Plaintiff misrepresented this figure and that he intended to claim either 25
    million or 2.5 million, Plaintiff's claim still appears implausible.

the allegations is insufficient to describe a "concrete proof of financial loss" to establish a

violation.  Chaset v. Fleer/Skybox Int'l, 300 F.3d 1083, 1087 (9th Cir. 2002).  Accordingly,

Plaintiff has failed to state a cognizable claim for a violation of RICO, and this claim against

Defendants should be **DISMISSED** with prejudice.

### C.      Plaintiff's Hate Crime Allegations

Plaintiff's fourth cause of action attempts to state a civil cause of action against

Defendants Kern County Sheriff's Department, Sierra Iron and Metal, Sierra Recycling and

Demolition, and Producers for there commitment of a "Hate Crime" against Plaintiff, a

individual suffering from disability.  More specifically, Plaintiff alleges that as a result of Alberto

Ortega's[3] slanderous statements, sheriff officers–using racial profiling–investigated Plaintiff's

activities and eventually arrested him which caused him to suffer billions of dollars in losses.

Plaintiff's allegations fail to state a cognizable civil claim for at least two reasons.

First, none of Plaintiff's factual allegations are remotely related to the criminal conduct

prohibited under the act which includes causing "bodily injury" through the use of a "firearm, a

dangerous weapon, or explosive device or incendiary device."  18 U.S.C. § 249(a).  Second,

though the Ninth Circuit has not specifically addressed whether there is a private right of action

under the Hate Crimes Act, district courts both within the Ninth Circuit and those in other

circuits have found that the Hate Crimes Act, as a criminal statute, does not give rise to a private

right of action.  Perry v. Garcia, No. CIV 09-622 LAB RBB, 2010 WL 3633042, at *12 (S.D.Cal.

July 16, 2010) (stating that "murder and a violent hate crime are criminal charges, not properly

part of a civil action.");  Lorenz v. Managing Director, St. Luke's Hosp., No. CIV 8898 DAB

JCF, 2010 WL 4922267 (S.D.N.Y. Nov. 5, 2010); Lee v. Lewis, No. CIV 2:10-55-F DWD, 2010

WL 5125327 (E.D.N.C. Oct. 28, 2010).  In the Court's view, the analysis provided by these

courts is correct.

To determine whether a statute provides a private right of action, the Court must decide

whether Congress intended to create both a personal right and a private remedy.  In re Digimarc

---

[3]Plaintiff also alleges that Alberto Ortega is affiliated with Sierra Iron and Metal.  (Doc. 8 at 13.)

1  Corp. Derivative Litigation, 549 F.3d 1223, 1231 (9th Cir. 2008).  Here, the federal act, clearly

2  does not confer rights on a specific class of persons, but rather criminalizes certain offenses

3  based on, among other traits, a person's national origin, gender, or sexual orientation and

4  provides for criminal enforcement and penalties including imprisonment.  18 U.S.C. § 249(a).

5  Because the Court finds neither personal rights nor private remedies in the statutory text, the

6  Court concludes that there is no private right of action under 18 U.S.C. § 249.

7         For these reasons, Plaintiff's fourth cause of action fails to state a cognizable claim and

8  should be **DISMISSED** with prejudice.

9         **D.     Plaintiff's remaining state law claims**

10        As discussed above, Plaintiff has failed to present cognizable federal claims, and the

11 amended complaint's sole remaining claims arise under state law.  However, because the Federal

12 Court is a court of limited jurisdiction, the complaint must be dismissed.  Federal courts are

13 courts of limited jurisdiction.  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377,

14 (1994).  Generally, federal jurisdiction may be invoked if a civil action arises under the

15 Constitution, laws, or treaties of the United States, see 28 U.S.C. § 1331, or if there is complete

16 diversity between the parties and the amount in controversy exceeds $75,000.  See 28 U.S.C. §

17 1332.  It is presumed that a cause lies outside this limited scope, and the burden of establishing

18 the contrary rests upon the party asserting federal jurisdiction.  Kokkonen, 511 U.S. at 377;

19 Vacek v. United States Postal Serv., 447 F.3d 1248, 1250 (9th Cir. 2006).  Because Plaintiff's

20 remaining state law claims satisfy neither "federal question" nor "diversity" jurisdiction, the

21 action must be dismissed for lack of jurisdiction.

22        **E.     No leave to amend**

23        The Court will not grant Plaintiff leave to amend because it is apparent that the

24 deficiencies identified in this order cannot be cured.  See Noll v. Carlson, 809 F.2d 1446,

25 1448–49 (9th Cir.1987) ("A pro se litigant must be given leave to amend his or her complaint

26 unless it is absolutely clear that the deficiencies of the complaint could not be cured by

27 amendment.") (internal quotations omitted).

28 ///

**IV.      Findings and Recommendation**

In accordance with the above, it is **HEREBY RECOMMENDED** that:

1.      This action be **DISMISSED**; and

2.      This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B).  Within 21 days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  If Plaintiff elects to file written objections, he should caption the document as "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

Dated:   **November 30, 2011**                              **/s/ Jennifer L. Thurston**
                                                      UNITED STATES MAGISTRATE JUDGE